UNITED STATES v. ARCHER et al.

(District Court, S. D. Alabama, S. D. April 12, 1926.)

Criminal law ⚖═97(3)—Intoxicating liquors ⚖═138—Indictment of master and crew of schooner for acts committed 24 miles off coast held not to charge violation of Volstead Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), Tariff Act 1922, §§ 586–593 (Comp. St. Ann. Supp. 1923, §§ 5841h5–5841h13), or conspiracy statute (Criminal Code, § 37 [Comp. St. § 10201]).

Indictment charging that master and crew of schooner brought vessel laden with liquor to point 24 miles off coast of United States, where it was seized, and that defendants at that point possessed, transported, and unlawfully imported liquors, and conspired in like manner, in violation of conspiracy statute (Criminal Code, § 37 [Comp. St. § 10201]), held not to charge a violation of either the Volstead Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), Tariff Act 1922, §§ 586–593 (Comp. St. Ann. Supp. 1923, §§ 5841h5–5841h13), or the conspiracy statute.

H. S. Archer and others were indicted for alleged violations of the Volstead Act, Tariff Act 1922, §§ 586–593, and conspiracy statute (Criminal Code, § 37). On demurrer to indictment. Demurrer sustained.

Aubrey Boyles, U. S. Atty., of Mobile, Ala.

Armbrecht & Hand, of Mobile, Ala., and Joseph A. McCaleb, of New Orleans, La., for defendants.

ERVIN, District Judge. This is an indictment containing four counts. The first count charges that the defendants were the master and crew of the British schooner Madeline D, which had sailed from Bimini, Bahama Islands, to a designated point in the Gulf of Mexico, 24 miles off the coast of Louisiana, where said vessel was seized and brought into the port of Mobile; that said point was less than the distance from the coast of the United States than could be traversed in one hour by the vessel in which it was intended by the defendants to convey intoxicating liquors into the United States; that at said point defendants did possess and aid, abet, and assist in the possession of certain described intoxicating liquors. The second count charges the transportation of the same liquors at the same point. The third count charges the unlawful importation of the same liquors at the same point. The fourth count charges a conspiracy among defendants to possess, sell, transport, import, traffic in, and deliver intoxicating liquors for beverage purposes at the same point, concluding with overt acts, done at Bimini or the same point before described, or on the way between them.

The demurrer raises the question whether the indictment charges a violation of either the Volstead Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), Tariff Act 1922, §§ 586–593 (Comp. St. Ann. Supp. 1923, §§ 5841h5–5841h13) or the Conspiracy Act (section 37, Cr. Code [Comp. St. § 10201]). In Cunard S. S. Co. v. Mellon, 43 S. Ct. 504, 262 U. S. 100, 67 L. Ed. 894, 27 A. L. R. 1306, the Volstead Act is construed and held not to extend more than a marine league beyond the coast into the seas. As neither the first nor second counts charge any act done within this territory, there is no charge of its violation.

There being no charge of the unloading or bringing of the liquor within twelve miles of the coast, there is no offense charged under the importation statutes in the third count.

There being no charge in the fourth count of any agreement by defendants to do any of the acts charged within the territory or territorial waters of the United States or within 12 miles of her coasts, there could be no conspiracy to violate the Volstead Act or the importation acts, for the United States could not be defrauded by anything defendants are charged with agreeing to do 24 miles off its coast.

There is no charge that any portion of the cargo had actually been brought into the United States, or that it had been in fact defrauded in any way. No federal law that I am aware of makes the things done by defendants or the things agreed by them

to be done at the place charged unlawful. This distinguishes this case from that of United States v. Bowman, 43 S. Ct. 39, 260 U. S. 94, 67 L. Ed. 149. There the conspiracy charged was a violation of the federal act, no matter where it was made or where the things agreed on were to be done.

The demurrer is sustained.